UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MICHELE A. LEADER,

       Plaintiff,

v.

**COMPLAINT**
Case Number: 3:16-cv-27

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

       Defendant.

---

COMES NOW, Plaintiff, Michele A. Leader, and makes the following representation to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

## NATURE OF THE CASE

1. Plaintiff Michele A. Leader ("Plaintiff") brings this suit under the Employee Retirement Income Security Act of 1974, ("ERISA") [29 U.S.C. § 1001 *et. seq*.] against Defendant Unum Life Insurance Company of America ("Defendant").

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's ERISA claim is conferred on this Court by 28 U.S.C. § 1331 and ERISA § 502(e)(2); [29 U.S.C. § 1132(e)].

3. The Western District of Wisconsin is the proper federal venue for this action pursuant to 29 U.S.C. § 1132(e)(2), in that Defendant "may be found" in the Western District of Wisconsin.

## PARTIES

4. Plaintiff is a resident and citizen of the United States.

5. Defendant is a Maine corporation that provides group long term disability insurance policies in the State of Wisconsin and may be found in this District.

## FACTS

7. At all relevant times hereinafter mentioned, Plaintiff was a member of the Massachusetts Teachers Association ("MTA").

8. At all relevant times hereinafter mentioned, Plaintiff worked as a Special Education Teacher.

9. During Plaintiff's membership with MTA, Defendant issued long term disability group policy No. 570975 ("Policy" or "Policy No. 570975").

1. At all times hereinafter mentioned, said Policy was issued for the benefit of certain eligible MTA members in exchange for the payment of premiums by MTA and/or its members.

2. At all times mentioned herein, Plaintiff was and is eligible for long term disability benefits as an insured under the Policy issued to MTA.

3. Said policy provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due to accidental injury or sickness.

4. According to Policy No. 570975, a person is considered Disabled if, solely because of Injury or Sickness, he or she is:

- limited from performing the material and substantial duties of his or her regular occupation due to sickness or injury; and
- has a 20% or more loss in his or her indexed monthly earnings due to the same sickness or injury.

- After 24 months of payments, a person is disabled when Defendant determines that due to the same sickness or injury, he or she is unable to perform the duties of any gainful occupation for which he or she is reasonably fitted by education, training or experience.

5. On or about October 16, 2002, during the period within which said Policy was in full force and effect, and while Plaintiff was insured, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

6. On March 18, 2003 rheumatologist Dr. Robert G. Gray, M.D. formally diagnosed Plaintiff with fibromyalgia. On July 16, 2003, Plaintiff sought a second opinion regarding her condition from Dr. Don L. Goldenberg, M.D., who at the time was the Chief of Rheumatology at the Newton-Wellesley Hospital and a Professor of Medicine at the Tufts University School of Medicine. Dr. Goldenberg confirmed Plaintiff's diagnosis of fibromyalgia.

7. Shortly after her diagnosis of fibromyalgia, Plaintiff submitted to Defendant an application for long term disability benefits under Policy No. 570975.

8. In evaluating Plaintiff's application for long term disability benefits, Defendant considered the work related limitations caused by her fibromyalgia.

9. Following her application for long term disability benefits, Defendant deemed the plaintiff to be disabled under the terms of the Policy, commencing on October 16, 2002.

10. After the completion of a 180 day elimination period, Defendant paid Plaintiff long term disability benefits for a period of eleven (11) years and eight (8) months: from April 14, 2003 to January 2, 2015.

11. Policy No. 570975 does not contain any language or provisions excluding or limiting the payment of long term disability benefits to persons who have been disabled as a result of fibromyalgia.

12. Policy No. 570975 contains a provision that limits long term disability benefits to a period 24 months for limitations based on "self-reported symptoms".

13.     After paying long term disability benefits for more that 11 years, Defendant alleged that Plaintiff's diagnosis of fibromyalgia fell within the scope of the "self-reported symptom" limitation clause in Policy No. 570975.

14.     On January 2, 2015, Defendant issued a letter to Plaintiff terminating her long term disability benefits effective that same date.

15.     In its January 2, 2015 termination of benefits letter, Defendant stated that fibromyalgia could no longer be considered to be a disabling condition under the terms of the Policy because it was deemed to fall within the self-reported symptom limitation.

16.     Plaintiff filed an administrative appeal of the denial of her long term disability benefits.

17.     In reviewing and deciding Plaintiff's administrative appeal, Defendant refused to consider the diagnosis of fibromyalgia and the work limitations that it causes to Plaintiff.

18.     On September 25, 2015, Defendant denied Plaintiff's administrative appeal.

19.     As of this date, Plaintiff continues to be disabled pursuant to the terms of Policy No. 570975.

20.     Monthly benefits to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

21.     Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

22.     Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to the failure to perform a medical examination of Plaintiff, and the refusal to consider the plaintiff's diagnosis of fibromyalgia and its negative effect in her ability to work.

23. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

24. Plaintiff has exhausted all administrative appeals and remedies to the extent they are provided under the Policy and ERISA.

WHEREFORE, Plaintiff Michele A. Leader prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) A declaratory ruling in accordance with <u>Weitzenkamp v. Unum Life Ins. Co. of Am.</u>, 661 F.3d 323(7th Cir. 2011) stating that the Policy's self-reported symptom limitation does not apply to Plaintiff's diagnosis of fibromyalgia.

b) A finding that Plaintiff is disabled pursuant to the language and within the meaning of the Policy issued by Defendant.

c) An order to Defendant to reinstate Plaintiff's long term disability benefits retroactive to January 2, 2015.

d) An order to Defendant to pay interest to Plaintiff for the past due benefits owed.

e) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

f) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

g) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

h) Such other and further relief as the Court may deem just and proper.

5

Dated this 12 day of January 2016.

                      PLAINTIFF

          By   /S/ Iván A. Ramos_____
              Iván A. Ramos
              RamosLaw
              255 Main Street, Suite 401
              Hartford, Connecticut 06106
              Tel. (860) 519-5242
              Fax. (860) 838-6403
              ivan@ivanramoslaw.com