IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELE A. LEADER,

                Plaintiff,

v.                                                       OPINION & ORDER

UNUM LIFE INSURANCE COMPANY OF                    16-cv-027-jdp
AMERICA,

                Defendant.

---

Plaintiff Michele Leader suffers from fibromyalgia, and for more than 11 years, defendant Unum Life Insurance Company of America paid her long term disability benefits under an employee benefit plan. But in January 2015, Unum notified Leader that it was terminating her benefits. Unum indicated that fibromyalgia was subject to a clause in the plan documents that limited long term disability payments for "self-reported symptoms."

After Unum denied Leader's administrative appeal, she filed suit in this court under the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. Unum has now moved to transfer this case to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a). Dkt. 5. Unum contends that this case has nothing to do with Wisconsin: Leader is a Massachusetts resident who worked in Massachusetts, obtained benefits under a plan located and administered in Massachusetts, and received medical treatment in Massachusetts. Unum also contends that Leader is simply trying to take advantage of favorable Seventh Circuit precedent by filing her case here.

The court agrees that this case has no connection to Wisconsin. Leader's choice of forum is entitled to some deference, but Unum has demonstrated that the interest of justice requires a transfer. The court will therefore grant Unum's motion.

ANALYSIS

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] Evaluating a motion to transfer requires "a flexible and individualized analysis." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citations and internal quotation marks omitted). As the moving party, Unum must establish that a transfer is appropriate. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). After reviewing Leader's complaint and the parties' submissions, the court concludes that, by itself, the convenience of the parties and witnesses would not require a transfer. But Unum has shown that the interest of justice warrants transferring this case.

**A. Convenience of the parties and witnesses**

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation*, 626 F.3d at 978. Unum is correct that the parties, evidence, and witnesses are all in Massachusetts, or at least closer to Massachusetts than to Wisconsin. But this is an ERISA suit, which the court will likely resolve on cross-motions for summary judgment. *See Gibson v. Unum Life Ins. Co. of Am.*, No. 10-cv-246, 2010 WL 3244901, at *2 (W.D. Wis. Aug. 16, 2010). Unum does not argue that it will need discovery; indeed, the administrative record usually contains all of the relevant evidence in ERISA cases. *See Estate of Blanco v. Prudential Ins. Co. of Am.*, 606 F.3d 399, 402 (7th Cir. 2010). These considerations render the location of evidence and witnesses substantially irrelevant. But even if Unum

---

[1] Leader does not dispute that venue would be proper in the District of Massachusetts.

could identify pertinent evidence that is located in Massachusetts, "both the Seventh Circuit and this court have held that modern technology renders the location of documents and other sources of proof only minimally important in the transfer analysis." *Wis. Alumni Research Found. v. Medimmune, LLC*, No. 14-cv-165, 2014 WL 6389583, at *3 (W.D. Wis. Nov. 14, 2014) (citing *Bd. of Trs., Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000), and *Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.), Inc.*, 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005)).

As for Unum's suggestion that the parties may need to appear in-person for pre-trial proceedings, the issue is a red herring. This court conducts preliminary pretrial conferences telephonically and routinely allows parties to participate in other conferences by phone. Leader presumably consented to any inconvenience by selecting this forum, and the court's standard procedures all but eliminate any inconvenience for Unum.

Leader's choice of forum is entitled to at least some deference, although that deference is limited because Wisconsin is not Leader's home forum or the location where the material events occurred. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981); *Chi., Rock Island & P. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Unum has failed to demonstrate that the convenience of the parties and witnesses should overcome that deference.

**B. Interest of justice**

The interest of justice is a separate component of the § 1404(a) analysis, and it "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220. The relevant factors include docket congestion and speed to trial in the transferor and transferee forums, each court's familiarity with the relevant law, the desirability of resolving the controversy in each locale, and the

relationship of each community to the controversy. *Research Automation*, 626 F.3d at 978. These factors weigh in favor of transferring this case.

Leader emphasizes that she chose this district for its speed. Dkt. 9, at 6. But Leader filed her complaint in January 2016, so any time lost if this case has to start over in another district will be minimal. And the District of Massachusetts is a fast court itself, with comparable median times between filing and non-trial disposition. *See Table C-5—U.S. District Courts-Civil Federal Judicial Caseload Statistics (March 31, 2015)*, U.S. Courts, http://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2015/03/31 (last visited April 7, 2016). Although this court traditionally resolves cases quickly, "speed alone would be insufficient to overcome a motion to transfer if other factors showed that another venue is clearly more convenient." *Leggett & Platt, Inc. v. Lozier, Inc.*, No. 04-cv-932, 2005 WL 1168360, at *2 (W.D. Wis. May 17, 2005). Here, other factors in the interest of justice inquiry are either neutral or support transferring this case to the District of Massachusetts.

Familiarity with the law is a neutral factor. A federal court in Massachusetts is just as familiar with, and just as capable of applying, ERISA law to the facts of this case. *See, e.g.*, *Camarena v. Vanderbilt Mortg. & Fin., Inc.*, No. 15-cv-656, 2015 WL 4036258, at *4 (N.D. Ill. July 1, 2015) ("[A]ll federal courts are presumed equally capable and experienced with respect to matters of federal law." (citations and internal quotation marks omitted)). The court is not persuaded by Unum's observation that Massachusetts law governs the employee benefit plan that is at issue because Unum does not identify a scenario in which state law would apply instead of ERISA. Nor is the court persuaded that Leader had a substantive motive for selecting this court. True, Leader's complaint cites to a favorable decision from the Seventh Circuit that she wants the court to follow in this case. *See* Dkt. 1, ¶ 24. But Unum

does not identify *hostile* precedent from the First Circuit that Leader is trying to avoid by filing her complaint in this court.

Regardless, the principal reason to grant Unum's motion to transfer is that Massachusetts has a strong connection to this dispute, and it is more desirable to resolve this case there. Leader lived in Massachusetts during the relevant time, and she lives there still. Her home state has a substantial interest in affording her redress for wrongs that she has suffered there. *See Pryor v. United Air Lines, Inc.*, No. 12-cv-5840, 2013 WL 4506879, at *8 (N.D. Ill. Aug. 23, 2013); *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 777 (N.D. Ill. 1998). Moreover, Leader is seeking benefits under a plan that covers Massachusetts school employees, which means that courts in that state may have already considered claims under this plan and are more likely than this court is to consider claims under the plan in the future. And Leader received treatment for her fibromyalgia in Massachusetts. This case will turn on whether Unum properly determined that Leader's condition did not qualify as disabling, which may involve evaluating how the diagnoses of doctors in Massachusetts affect benefit determinations. In short, although this case arises under federal law, it is very much a Massachusetts-based dispute.

Leader tries to pass these considerations off as "vague policy arguments" that do not pertain "to local policy or state laws." Dkt. 9, at 8. She also points out that Unum conducted its administrative review of this case from Tennessee, arguing that "[i]f local Massachusetts matters had been of any real significance in this case, one would have expected the defendant to conduct the appeals review process in a location that is much closer to the Plaintiff's residence." *Id.* But Leader misunderstands the comparative analysis under § 1404(a): the question is whether it is more appropriate to try this dispute in Massachusetts than it is to

try it in Wisconsin. Although Leader may disagree with Unum that Massachusetts has a strong connection to this case, she cannot dispute that Wisconsin has *no* connection to it.

Under the circumstances, the interest of justice requires a transfer. This court and the District of Massachusetts are both likely to resolve this case expeditiously, and both courts are familiar with the governing law. But Massachusetts has a substantially stronger connection to the parties and to the events of this case, giving the state a greater interest in resolving this dispute, and making it more desirable for a judge in Massachusetts to review Leader's claims. The court will therefore grant Unum's motion to transfer this case.

ORDER

IT IS ORDERED that:

1. Defendant Unum Life Insurance Company of America's motion to transfer, Dkt. 5, is GRANTED.

2. This case is transferred to the United States District Court for the District of Massachusetts.

Entered April 18, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge